(October 18, 1916.)

## POTLATCH LUMBER COMPANY, a Corporation, Appellant, v. BOARD OF COUNTY COMMISSIONERS OF LATAH COUNTY, STATE OF IDAHO, Respondents.

[160 Pac. 260.]

LEVY OF COUNTY COMMISSIONERS FOR GENERAL ROAD PURPOSES—DISCRETION OF BOARD—CITATION FOR CONTEMPT IN DISREGARDING JUDICIAL MANDATE.

1. Under sec. 896, Rev. Codes, as amended by Session Laws of 1911, p. 162, it is the duty of the board of county commissioners to make an annual estimate of the probable amount of money necessary for general road purposes for the ensuing year, and when it appears that they honestly use their best judgment in making such estimate, their action is not subject to review upon citation to show cause why they should not be punished for contempt in disregarding the mandate of the court.

2. *Held,* that it appeared from the evidence adduced before the court upon contempt proceedings in this case that the board of county commissioners for Latah county used their best judgment in fixing the levy for general road purposes for the ensuing fiscal year, and that no evidence was submitted which would justify the court in concluding that said commissioners wilfully disobeyed the mandate of the court with regard to said levy, and that they are guilty of neither a civil nor a criminal contempt of this court.

[As to *mandamus* against public officers, see note in **98 Am. St.** 863.]

Proceedings on citation to show cause why respondents should not be punished for contempt for disregarding the mandate of the court.   Order to show cause quashed.

C. J. Orland, for Respondent.

"A writ of mandate is for the purpose of compelling the performance of an act which the law especially enjoins as a duty resulting from an office . . . . but we cannot direct what the result of the action must be." (*Blomquist v. Board of County Commrs.*, 25 Ida. 284, 297, 137 Pac. 174; *Davis v. Porter*, 66 Cal. 658, 6 Pac. 746; *Beidler v. Kochersperger*, 171

Ill. 563, 49 N. E. 716; *Board of Commrs. v. King,* 67 Fed. 202, 14 C. C. A. 421.)

"This court has no authority by proceedings in *mandamus* to control the discretion confided by law to inferior officers, boards or tribunals, whether it be judicial or only *quasi*-judicial in its nature." (*State ex rel. Morganthaler v. Crites,* 48 Ohio St. 460, 28 N. E. 178; *People ex rel. Green v. Board of Commrs. of Cook County,* 176 Ill. 576, 52 N. E. 334; *Ex parte Rowland,* 104 U. S. 861, 26 L. ed. 604; *Davies v. Board of County Commrs.,* 26 Ida. 454, 143 Pac. 945; *Lindsey v. Carlton,* 44 Colo. 42, 96 Pac. 997; *Blackwell Lbr. Co. v. Flynn,* 27 Ida. 636, 150 Pac. 42; *In re Clerf,* 55 Wash. 465, 104 Pac. 622.)

A. L. Morgan and E. C. Boom, for Appellant, file no brief.

BUDGE, J.—On the twelfth day of September, 1916, a writ of mandate was issued by this court, directing the board of county commissioners of Latah county to levy on or before the third Monday in September, 1916, a sufficient tax upon all the taxable property in said county not exceeding twenty-five cents on each one hundred dollars of assessed valuation, to provide for all general road purposes in said county, twenty-five per cent of such amount so raised to be expended in the respective road districts where it is raised, and said amount so raised to be exclusive of any amounts raised upon petition for levy of a special property road tax in any particular road district.

This writ of mandate was served on the chairman of the board of county commissioners on September 15, 1916, two legal days prior to the time fixed by statute within which the board is required to fix the levy for general road purposes.

Some time prior to the issuance of the writ of mandate a majority of the resident taxpayers of numerous road districts in Latah county had petitioned the board of county commissioners to levy a special property road tax on the taxable property within their respective districts, pursuant to the provisions of chapter 153, Sess. Laws 1913, page 522. All

of these petitions were on file with the board of county commissioners at the time that the writ of mandate was served upon them. The writ of mandate, however, did not prohibit the board from granting the petitions of the resident taxpayers of road districts, but did direct the board to levy a sufficient tax upon all the taxable property in said county for all general road purposes, exclusive of any amounts raised upon petition for levy of a special property road tax in any particular road district.

An application was made to this court, supported by affidavits, in which it was alleged among other things that the respondents, acting as a board of county commissioners, knowingly and wilfully disobeyed and disregarded the said writ of mandate of this court, both in letter and in spirit, thereby defeating, nullifying, thwarting and evading the intent, force and effect of the judgment and mandate of this court. Whereupon said commissioners were cited to appear before this court on Monday, the sixteenth day of October, 1916, at 10 o'clock, to show cause why they, and each of them, should not be punished for contempt, as in said affidavit alleged.

It is contended by appellant that the board of county commissioners did take into consideration in fixing the levy for general road purposes the petitions for a special levy upon all the taxable property, for road purposes, in the various road districts, in violation of the provisions of the writ of mandate. Under the evidence offered upon the hearing in this case, we do not think that the position taken by counsel is correct. The board of county commissioners, in order to comply with the letter and spirit of the writ of mandate, increased the general levy, after receiving the writ of mandate, to one and one-half mills, being one-half mill higher than they had theretofore concluded was necessary. It also appears that they were disposed and anxious to reduce the special levies petitioned for by the various road districts within Latah county, although they were not directed so to do. Upon this latter matter they sought and received the advice of County Attorney Moore, who informed them that such

special levies petitioned for by the taxpayers and residents of the various road districts could not, in his opinion, be reduced; that the board must either, under the law, grant the petitions for the amounts of the special levies petitioned for, or reject the petitions in their entirety.

The writ of mandate was served upon them on the fifteenth day of September. They were required under the law to make the levy on or before the third Monday in September, which was the eighteenth day of September. Owing to the fact that these petitions for special levies were received from practically all of the road districts throughout the country, it was impossible, within the time allowed the commissioners to fix the general levy, to communicate with the taxpayers of the respective road districts for the purpose of ascertaining their wishes with reference to the special levies, in view of the fact that the general levy had been increased one-half of one mill.

The writ made no reference to the special levies, except as herein indicated, and from the evidence the board did not take into consideration said special levies in fixing the levy for general road purposes in said county for the ensuing year, but raised enough by said levy, in their judgment, for general road purposes. This court advisedly refrained from stating just what amount in dollars and cents the levy should be, for the reason that the law makes the amount of the levy to be fixed discretionary with the board. The court, in other words, directed the board to act but did not intend to tell them just how much it would be necessary for them to raise by a general levy for road purposes for any given year, or what the levy should be. It is the duty of the board of county commissioners to make an estimate of the amount of money necessary for general road purposes for any given year, exclusive of special levies, and when they honestly use their best judgment, their action is not subject to review in a proceeding of this character.

Whatever moneys are not expended during this fiscal year which may be raised in the various road districts as a result of the petitions filed with the board will remain in the road

fund of such districts, and will necessarily reduce the amount of taxes to be raised by levies for the year following.

In our judgment one-half of one mill levied by the board of county commissioners will not work a very serious hardship upon the taxpayers of Latah county, or result as disastrously to the welfare of its citizens as would an order of this court (admitting for the purposes of this case that this court has the power to make such order) directing the board of county commissioners to eliminate all special levies and increase their general levy in an amount sufficient to take care of the special levies made in the various road districts.

We are satisfied that the commissioners used their best judgment in fixing the levy for general road purposes, and no evidence was offered that would justify this court in reaching the conclusion that the commissioners wilfully and intentionally disobeyed the directions of this court, as set out in the writ of mandate, and that they are not guilty of a civil contempt of this court.

It was conceded by the attorneys for appellant during the course of the hearing, that the commissioners were not guilty of a criminal contempt, and with this admission we are in full accord.

It therefore follows from what has been said that the order to show cause should be, and the same is hereby, quashed and vacated. Costs are awarded to respondents.

Sullivan, C. J., concurs.

Morgan, J., did not sit at the hearing or take any part in the decision of this case.