777 P.2d 1234

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Steve TANNER, Defendant–Appellant.**

No. 17642.

Court of Appeals of Idaho.

July 25, 1989.

Steve Tanner, pro se.

Jim Jones, Atty. Gen., Michael J. Kane, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

In May, 1986, Steve Tanner was found guilty of operating a motor vehicle without a license, a violation of I.C. § 49–307. The magistrate imposed a fine but suspended it on the condition that Tanner obtain a valid license within one week of the date he was found guilty. On appeal to the district court Tanner's conviction was affirmed. Afterward, in November of 1987, a show cause hearing was held before a magistrate to determine why Tanner had failed to obtain his license or to pay the fine. The court found Tanner in contempt and sentenced him to five days in jail. Tanner was then given three options to purge his contempt: pay the fine, perform a comparable amount of community service, or obtain a driver's license. Tanner appealed the contempt order and the district court affirmed. Tanner now appeals from the district court's decision. For the following reasons, we too uphold the contempt order.

To frame the arguments raised by Tanner, we must note some additional facts. Tanner was originally charged with two criminal offenses arising out of his failure to obtain a driver's license. These two complaints were given separate criminal case numbers, M–8661 and M–8662. On the date the cases were to go to trial, the second of these cases was dismissed. Tanner proceeded to trial on the first case and was found guilty by a jury. Judgment was entered. Following the trial, Tanner was mailed a copy of the judgment of conviction in Case No. M–8661 and a separate order of dismissal presumably relating to the other case. This order of dismissal recited:

This matter having come before the Court for trial on the 22nd day of May, 1986, the Defendant appearing in person, and the State of Idaho being unable to proceed due to the absence of the arresting officer herein,

IT IS ORDERED that this matter is dismissed and the bond is ordered exonerated.

Unfortunately, the dismissal order listed both case numbers. After learning of this mistake, the magistrate corrected the original order in the court's file by crossing out the case numbers and writing in the correct case number. The magistrate initialled these corrections.

As noted earlier, Tanner appealed from the judgment in Case No. M–8661. He argued that both of his cases had been dismissed; that a state requirement to obtain a driver's license violated his right to freedom of religion; and that his case had not been decided by an impartial magistrate. The district court rejected all of Tanner's arguments, concluding that Tanner had not been confused or prejudiced by the error in the dismissal order which had been sent to him. The court also concluded that no grounds existed in the record to support either of Tanner's other contentions. Tanner did not appeal the district court's decision. Thus, the judgment of conviction became final.

Later, at the hearing to show cause why he should not be held in contempt for refusing to obtain a driver's license or pay the fine imposed by the judgment, Tanner

again asserted that Case No. M–8661 had been dismissed by the incorrect order. Tanner also raised several arguments regarding the effect of the judgment, including an assertion that the judgment did not actually require him to pay any penalty. A subsequent issue arose at the hearing concerning Tanner's attempts to subpoena witnesses.

Tanner's arguments were again rejected and the magistrate issued an order of contempt. In his appeals, first to the district court and now to us, Tanner has raised a combination of issues from the previous actions. They may be summarized as (1) whether the requirement that Tanner obtain a driver's license violates his right to freedom of religion; (2) whether the order of dismissal listing both of Tanner's cases was subsequently binding upon the court, nullifying the judgment in Case No. M–8661; (3) whether the judgment apprised him of the penalty imposed upon the finding of his guilt; (4) whether an improper burden of proof was placed upon Tanner at the show cause hearing; and (5) whether the magistrate impermissibly denied Tanner an opportunity to present witnesses on his behalf.

■ First, we note that Tanner's argument regarding his religious freedom is not properly before this Court on appeal from the contempt order. This issue was raised and decided by the district court on Tanner's direct appeal from the judgment of conviction. Tanner failed to appeal that decision and the district court's order stands uncontested. The issue may not now be raised under the separate appeal from the decision affirming the magistrate's contempt order.

■ We turn to the second issue regarding the effect of the incorrect order dismissing both of Tanner's cases. We note that the magistrate's correction of the error was authorized by Idaho Criminal Rule 36, which states:

Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

Nonetheless, Tanner contends that he did not receive the corrected order and was entitled to assume, despite the existence of the judgment, that both cases had been dismissed. The contention is untenable. Tanner knew he had been tried and convicted by a jury in the first case. We determine, as did the district court, that Tanner has not shown that he was confused or prejudiced by the incorrect order he received. Moreover, the contempt order gave Tanner an opportunity to avoid any contempt sanction by complying with the judgment after the clerical error and its correction had been fully discussed in the show cause hearing. Tanner still refused. We conclude that the corrected error affords no defense to the ultimate imposition of a contempt sanction.

■ Tanner's third issue concerns the legal effect of the judgment as written. Throughout his proceedings Tanner has argued that the judgment fails to apprise him that any penalty was imposed. Tanner asserts that the judgment does not specifically "order" him to perform the particular duty of obtaining a driver's license or pay a fine.

We cannot accept Tanner's argument over the semantics of the written judgment. Although the printed form of judgment contains a legal format and composition, it does not contain any terms which would leave an ordinary person in doubt of its meaning. The judgment states in part: "It is the judgment of the court that said defendant is guilty of said crime and is hereby fined in the sum of $300.00 and assessed costs in the amount of $15.50." A typewritten insertion follows stating: "All of the fine and costs are hereby suspended if Defendant's [sic] obtains a valid Driver's License within one week and files proof with the Court." The meaning of this judgment is apparent. It is not necessary that the judgment explicitly use the word

"order" in its legal mandate. When a defendant is "hereby fined" the plain legal direction is that a defendant must pay the stated amount of the fine. Similarly, the option given by the terms of the judgment, allowing Tanner to obtain a driver's license instead of paying the fine, is also clear. Obviously, he had a week to comply, one way or the other.

■ Tanner's last two issues may be considered together. In an indirect contempt proceeding such as this one, where the contempt occurs outside the presence of the court, the court's jurisdiction is based upon the sufficiency of the affidavit presented to the court. I.C.R. 42(b); I.C. § 7–603. The initiating affidavit must allege that the contemnor was either served with, or had actual knowledge of, the judgment or order which he is charged with having violated. *See Nab v. Nab,* 114 Idaho 512, 757 P.2d 1231 (Ct.App.1988). It must allege a willful violation. The affidavit on which contempt proceedings are based constitutes a verified complaint and its function is to apprise the alleged contemnor of the particular conduct of which he is accused so that he may meet such accusation at the hearing. *Jones v. Jones,* 91 Idaho 578, 428 P.2d 497 (1967).

■ Here, the affidavit was sufficient to apprise Tanner of the charge and to present a prima facie case against him. It does not appear that Tanner's contempt proceeding improperly shifted the burden of proof to him. The affidavit properly framed the facts and charges against Tanner. At the hearing, the state presented an uncontested showing in support of its allegation of Tanner's contempt. Tanner failed to refute any of the facts established by the state; he simply argued his interpretation of the facts and his position regarding their legal effect. It was this failure to refute facts, and not an impermissible presumption of Tanner's guilt or a shifting of the burden of proof, which led the magistrate to find Tanner in contempt.

■ Lastly, we conclude that the magistrate did not erroneously deny Tanner an opportunity to present several witnesses on his behalf. This issue arose at the contempt hearing when it appeared that Tanner had failed to correctly subpoena witnesses. The court questioned Tanner at the hearing and ascertained that the witnesses were sought for the purpose of testifying about the error found on the order of dismissal. After listening to Tanner's argument, the magistrate held that Tanner would not be allowed additional time to produce these witnesses. The hearing proceeded.

We determine that the magistrate did not abuse his discretion in denying Tanner an extension of time to subpoena witnesses. According to Tanner's offer of proof, as shown by the transcript of the contempt hearing, the witnesses would have provided evidence showing the origin of the clerical error in the dismissal order, the manner of its correction by the magistrate, and the fact that the only copy mailed to him was one containing both case numbers. We assume that Tanner's representation of these facts was correct. Nevertheless, this proffered evidence failed to provide any support to Tanner's possible defense regarding his alleged failure to comply with the judgment against him. The testimony would not have been dispositive of a material issue. The magistrate did not act improperly in refusing to continue the hearing solely to obtain such testimony.

Accordingly, the district court's decision, upholding the magistrate's order finding Tanner in contempt, is affirmed.

WALTERS, C.J., and BURNETT, J., concur.