IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43323

| CRISTIN JOYCE BATES, | ) | 2016 Unpublished Opinion No. 735 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 19, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROBERT JOSEPH BICKEL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge; Hon. Thomas H. Borresen, Magistrate.

Decision on intermediate appeal affirming the magistrate's judgment for contempt and judgment for attorney fees, reversed and case remanded.

Robert Joseph Bickel, Boise, pro se appellant.

M. Lynn Dunlap, Twin Falls, for respondent.

---

GUTIERREZ, Judge

Robert Joseph Bickel appeals from the district court's decision on intermediate appeal affirming the magistrate's judgment for contempt and judgment for attorney fees. For the reasons set forth below, we reverse and remand.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Bickel and Cristin Joyce Bates are the parents of A.B., a minor child born in 2008. The parties were divorced by decree in 2011. The divorce decree set forth the terms of the parties' custody arrangement for A.B.[1] Pursuant to this decree, once A.B. reached school age, the parties

---

[1]     On May 2, 2014, the magistrate entered a "Memorandum Decision and Order" modifying the custody schedule of the original decree. However, this order was not entered until

1

were to exercise scheduled alternating weekend visitation. Relevant to the conduct at issue in this appeal, the decree also assigned custody to Bates on Mother's Day weekend.

On the weekend beginning May 2, 2014, Bates was scheduled for and received visitation with A.B. The following weekend, beginning May 9, Bates received visitation with A.B. pursuant to the provision assigning Bates custody on Mother's Day weekend. The following two weekends, beginning May 16 and May 23, Bickel retained custody of A.B., and Bates received no visitation during those weekends.

Bates subsequently filed a motion for contempt and for attorney fees and costs. In her affidavit supporting her motion for contempt, Bates alleged that Bickel committed two separate violations of the court-ordered custody arrangement set forth in the divorce decree. She first alleged that although she was scheduled to have visitation of A.B. on the weekend beginning May 16, pursuant to the alternating weekend schedule of the decree, Bickel did not take A.B. to the exchange point, and Bates received no visitation. She next alleged that because she did not receive A.B. on May 16, she was scheduled to have custody of A.B. on a new alternating weekend schedule beginning May 23. Again, Bickel did not take A.B. to the exchange point, so Bates received no visitation.

The magistrate held a hearing on the motion. After considering the testimony of the parties, the magistrate found that Bates and Bickel had verbally agreed to a modification of the custody schedule to account for Mother's Day weekend. The magistrate found that Bates had agreed to forego visitation on the weekend of May 16 in exchange for custody on the weekend of May 23. Based upon this verbal agreement between the parties and Bickel's failure to provide A.B. to Bates on May 23, the magistrate found Bickel guilty of contempt. The magistrate alternatively concluded that Bickel also violated the express terms of the decree by failing to provide A.B. to Bates either on May 16 or on May 23, depending upon which theory of interpretation was applied to the decree. The magistrate entered a "Judgment on Contempt," sentencing Bickel to five days' incarceration, with two days suspended. The magistrate entered a separate "Judgment Re: Plaintiff's Motion for Attorney Fees," awarding attorney fees, but not costs, to Bates.

---

June 13, 2014. The parties do not dispute that the original decree was controlling at the time of the conduct at issue.

2

Bickel timely appealed the magistrate's decision to the district court. On intermediate appeal, the district court affirmed the magistrate's judgment for contempt and judgment regarding attorney fees. Bickel now appeals to this Court.

## II.

## ANALYSIS

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

### A.  Jurisdiction

Before reaching the merits on any of the issues raised in this appeal, it is necessary to first consider whether jurisdiction is proper. *See Highlands Dev. Corp. v. City of Boise*, 145 Idaho 958, 960, 188 P.3d 900, 902 (2008). For the district court or this Court to have jurisdiction to consider Bickel's appeal, there must have been a "final judgment" entered by the magistrate from which an appeal could be taken. Idaho Appellate Rule 11(a). In its memorandum decision and order on intermediate appeal, the district court acknowledged in a footnote that although "neither of these judgments are in technical conformance with I.R.C.P. 54," it was nevertheless satisfied that the judgments were final for jurisdictional purposes.

On February 12, 2015, the Idaho Supreme Court entered an order entitled "In Re: Finality of Judgments Entered Prior to April 15, 2015 (Standing Order)." In relevant part, the order stated that "any judgment, decree or order entered before April 15, 2015, that was intended to be final but which did not comply with Idaho Rule of Civil Procedure 54(a) . . . shall be treated as a final judgment." In deciding if an instrument was intended to be a final judgment, Idaho courts examine the content and substance of the instrument. *Idah-Best, Inc. v. First Sec. Bank of Idaho, N.A.*, 99 Idaho 517, 519, 584 P.2d 1242, 1244 (1978).

3

The two judgments at issue here are titled "Judgment on Contempt" and "Judgment Re: Plaintiff's Motion for Attorney Fees." The contempt judgment imposes a sentence of five days' incarceration, with two days suspended. The attorney fees judgment awards attorney fees to Bates. In examining these judgments, we are convinced that the content and substance of these instruments carry an implication of finality. These judgments were intended to resolve all issues pending in the litigation. Additionally, the two judgments were entered on October 17, 2014, which is prior to the April 15, 2015, date set in the Idaho Supreme Court's order. Thus, both judgments are treated as final judgments for purposes of this appeal, and jurisdiction is proper.

## B.  Finding of Contempt

Bickel argues that the district court erred in affirming the magistrate's judgment for contempt. When reviewing a trial court's finding of contempt, we do not weigh the evidence, but rather review the trial court's findings to determine if they are supported by substantial and competent evidence. *Carr v. Pridgen*, 157 Idaho 238, 242, 335 P.3d 578, 582 (2014). It is the trial court's task to evaluate the credibility of witnesses and to weigh the evidence presented. *Camp v. E. Fork Ditch Co.*, 137 Idaho 850, 856, 55 P.3d 304, 310 (2002). We will not set aside the trial court's factual findings as clearly erroneous if they are supported by substantial and competent, even if conflicting, evidence. *In re Weick*, 142 Idaho 275, 278, 127 P.3d 178, 181 (2005). Evidence is substantial and competent if a reasonable trier of fact would accept that evidence and rely on it to determine whether a disputed point of fact was proven. *Id.* Over questions of law, we exercise free review. *State v. Stradley*, 127 Idaho 203, 211, 899 P.2d 416, 424 (1995).

A court has the power to hold in contempt any person who willfully disobeys a specific and definite order of the court. *Weick*, 142 Idaho at 281, 127 P.3d at 184. Where a person fails to obey a court order requiring a certain act, and the person no longer has the present ability to comply with that order, the court may impose criminal contempt sanctions. *Camp*, 137 Idaho at 865, 55 P.3d at 319. Idaho Code § 7-610 sets forth the possible criminal contempt sanctions, which include a determinate fine and/or a determinate jail sentence. Because criminal contempt is considered a crime, persons charged must be afforded constitutional protections required in criminal proceedings. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826 (1994). This includes the requirement that all elements be proved beyond a reasonable doubt. *Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 632 (1988); *State v. Rice*, 145 Idaho 554, 556, 181

4

P.3d 480, 482 (2008). Reasonable doubt is defined in Idaho Criminal Jury Instruction 103 as follows:

> A reasonable doubt is not a mere possible or imaginary doubt. It is a doubt based on reason and common sense. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. If after considering all the evidence you have a reasonable doubt about the defendant's guilt, you must find the defendant not guilty.

Here, the magistrate appears to conclude that Bickel was guilty of contempt on three alternative grounds. The magistrate first concluded that Bickel was guilty of contempt for failing to exchange A.B. on May 23, 2014, pursuant to the parties' verbal agreement. The magistrate alternatively concluded that Bickel was guilty of contempt for failing to exchange A.B. on May 16, 2014, pursuant to the express terms of the decree. Finally, the magistrate appears to alternatively conclude that Bickel was guilty of contempt for failing to exchange A.B. on May 23, 2014, pursuant to an alternative interpretation of the express terms of the decree.

We turn first to the magistrate's conclusion that Bickel was guilty of contempt for failing to exchange A.B. on May 23, 2014, pursuant to the parties' verbal agreement. The magistrate based this conclusion on its determination that the parties had verbally agreed to modify the decree's alternating weekend schedule to account for Bates having custody during the Mother's Day weekend. The court stated, "I do find that there was an agreement that the swap, if you will, was [Bates] giving up the 16th and 17th in return for the 23rd and 24th." The magistrate reasoned that, because of this verbal agreement, Bickel's subsequent noncompliance with the parties' agreement justified a finding of contempt.

As a matter of law, the magistrate's judgment for contempt on the basis of Bickel's violation of the parties' verbal agreement is improper. Although the magistrate found that the parties verbally agreed to a modified custody arrangement for May and that Bickel violated this agreement, this violation could not form a basis for a finding of contempt in this situation. A requisite to the finding of contempt is the willful violation of a specific and definite order *of the court*. Here, pursuant to the express terms of the parties' decree, set forth in both paragraph two and paragraph three, any modification to the custody schedule was required to be in writing.[2] It

---

[2] Both paragraphs two and three share a common controlling provision. In both paragraphs, the decree provides that the parties may vary the custody schedule "by joint written

5

is undisputed that there was never a written agreement between the parties regarding the weekends at issue. Absent a joint written agreement, the decree clearly establishes that the parties should follow the schedule set forth in the decree. Thus, the parties' verbal agreement was not binding as a valid modification of the court-ordered decree, and Bickel's noncompliance with the verbal agreement could not form a legitimate basis for a finding of contempt.

We turn next to the magistrate's second alternative conclusion that Bickel was guilty of contempt for failing to exchange A.B. on May 16, 2014, pursuant to the express terms of the decree. The magistrate's finding that there was a verbal agreement between the parties allowing Bickel to have custody of A.B. on the weekend of May 16 forecloses its ability to alternatively find, beyond a reasonable doubt, that Bickel's failure to provide A.B. on that same weekend was a willful violation. As relates to contempt, willful is defined as "an indifferent disregard of duty" or "a remissness and failure in performance of a duty," but not a "deliberately and maliciously planned dereliction of duty." *Rice*, 145 Idaho at 556, 181 P.3d at 482.

Here, to be guilty of contempt under the express terms of the decree, the magistrate must have found, beyond a reasonable doubt, that Bickel acted with "an indifferent disregard" of his duty to exchange A.B. on May 16. However, pursuant to the parties' verbal agreement, Bickel was scheduled to have custody on the weekend of May 16. Thus, under the verbal agreement, Bickel no longer had a duty to exchange A.B. that weekend. Despite the unenforceability of the verbal modification--of which there is no evidence that Bickel knew of its unenforceability--the magistrate's finding the agreement existed creates a reasonable doubt as to whether Bickel knew that he was still under a duty to exchange A.B. on May 16 pursuant to the express terms of the decree. A person cannot willfully fail to perform a duty the person does not know he or she is obligated to perform. *See id.* at 557, 181 P.3d at 483 (finding no willfulness where legitimate misunderstanding as to what was expected). Thus, we cannot say that the magistrate's finding of contempt based on Bickel's failure to provide A.B. on May 16, pursuant to the express terms of the decree, is based upon substantial and competent evidence.

Finally, we turn to the magistrate's third alternative conclusion indicating that Bickel was guilty of contempt for failing to exchange A.B. on the weekend of May 23, pursuant to an

agreement," but "if the parties cannot agree upon a variance, the above-stated schedule" should be followed.

alternate interpretation of the express terms of the decree advanced by Bickel at the hearing. The court stated, "[Visitation] was not provided on [the 16th], and again, it wasn't provided on the 23rd or 24th, so under either theory, I find that Mr. Bickel has violated the order." Bickel had argued that the alternating weekend schedule set forth in the decree was supposed to reset after the holiday weekend, thus he was entitled to visitation on May 16. However, the court did not accept Bickel's interpretation of the decree. Pursuant to the alternating weekend schedule set forth in the decree, Bickel was entitled to visitation on the weekend of May 23. Therefore, his failure to provide visitation to Bates on May 23 could not constitute a violation of the express terms of the decree.

As a final matter related to each of the three alternative conclusions made by the magistrate, we hold that the magistrate's express findings of fact and conclusions of law regarding Bickel's violation of the express terms of the decree are insufficient, by themselves, to support Bickel's contempt conviction. At no point does the magistrate expressly find, beyond a reasonable doubt, that Bickel's violation was willful. Instead, the court merely found that by failing to exchange A.B. on May 16, "Bickel has violated the order." To proceed in determining if there was substantial evidence to support the magistrate's finding of willfulness, we would be required to rule that the magistrate made an implicit finding of the requisite element beyond a reasonable doubt. However, the case law and rules governing contempt proceedings discourage finding contempt on such vague evidence.

Idaho courts consider contempt as an extraordinary proceeding that must be exercised with great caution. *See Weick*, 142 Idaho at 281, 127 P.3d at 184. In *Weick*, the Idaho Supreme Court acknowledged that:

> The contempt power is readily susceptible of abuse and fraught with danger not only to personal liberties but to the respect and confidence which our courts must maintain. Although such a power is universally recognized as essential to an orderly and effective administration and execution of justice, it should be exercised with utmost caution.

*Id.* (quoting *People v. Bernard*, 394 N.E.2d 819, 823-24 (Ill. App. Ct. 1979)). And, the United States Supreme Court has repeatedly held that "considerations of efficiency must give way to the more fundamental interest of ensuring the even-handed exercise of judicial power." *Int'l Union, United Mine Workers of Am*, 512 U.S. at 839; *Bloom v. Illinois*, 391 U.S. 194, 209 (1968).

Idaho Rule of Civil Procedure 75 governs all contempt proceedings brought in connection with a civil lawsuit. The rule requires that "if the contempt action is tried to the court

7

without a jury, the court must make specific findings of fact." I.R.C.P. 75(k). The rule also requires that if the person is found in contempt following a trial, "[t]he court must issue a written order reciting the conduct upon which the contempt conviction rests; adjudging that the contemnor is guilty of contempt; and setting forth the sanction for that contempt." I.R.C.P. 75(l)(3). This rule implicates an underlying policy rationale of protecting the integrity of contempt proceedings and ensuring the even-handed exercise of judicial power by requiring specificity from the issuing court, both in finding contempt and in sanctioning contempt.

Here, the magistrate's findings did not comply with the requirements of I.R.C.P. 75(k). Because the contempt action was tried to the court without a jury, I.R.C.P. 75(k) required the magistrate to make specific findings of fact to support its finding of contempt. Thus, the magistrate's findings of (1) a willful (2) violation (3) of a specific and definite order of the court, beyond a reasonable doubt, were required to be specific, not implicit. The magistrate's oral finding that Bickel "violated the order" was not sufficiently specific, as a reviewing court would be forced to infer a finding of willfulness based upon the evidence before the magistrate. Moreover, the magistrate's order did not comply with the requirements of I.R.C.P. 75(l). This rule required the magistrate to issue a written order adjudging Bickel guilty of contempt and reciting the conduct upon which the conviction rests. The magistrate's order merely recited Bickel's sentence. As stated in Section A above, the judgment carried an implication of finality, but lacked the specificity required by the rule.

The magistrate's judgment for contempt is not based upon substantial and competent evidence that Bickel's violation was willful beyond a reasonable doubt, and thus the district court erred in affirming the magistrate's judgment for contempt.

## C.    Attorney Fees

We next address the magistrate's award of attorney fees as well as Bates's request for attorney fees on appeal. Regarding the magistrate's award of attorney fees to Bates on the contempt motion, the magistrate ordered this award pursuant to I.C. § 7-610. This statutory provision allows the court, in its discretion, to award fees and costs to the prevailing party. As discussed above, the magistrate's judgment for contempt was improper, thus Bates was not the prevailing party on the motion. The district court erred in affirming the magistrate's award of attorney fees to Bates on the contempt motion.

We next turn to Bates's request for attorney fees on appeal. Bates is not the prevailing party on appeal, and she fails to cite a statutory provision under which she is entitled to an award of attorney fees. Thus, we decline to consider this issue. *See Gilman v. Davis*, 138 Idaho 599, 603, 67 P.3d 78, 82 (2003).

## III.

## CONCLUSION

The district court erred in affirming the magistrate's judgments on intermediate appeal. The magistrate's finding of contempt was not based upon substantial and competent evidence that Bickel's violation was willful. Accordingly, we reverse the decision of the district court affirming the magistrate's judgment for contempt and judgment for attorney fees, and we remand this case for proceedings consistent with this opinion. Costs on appeal are awarded to Bickel.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.