950 P.2d 1244

**State of Idaho, Plaintiff,**

v.

**Jeffery Lee Epperson, Defendant.**

**William BUTLER, Real Party in Interest–Appellant,**

v.

**Honorable Dennis E. GOFF, District Judge, Third Judicial District, State of Idaho, Real Party in Interest–Respondent.**

No. 23304

Supreme Court of Idaho.
Boise, September 1997 Term.

Dec. 30, 1997.

William M. Butler, Wilder, for appellant.

Hon. Alan G. Lance, Attorney General; Nicole S. McKay (argued), Boise, for respondent.

TROUT, Chief Justice.

William Butler, the attorney for Jeffery Lee Epperson, failed to appear with his client before the Hon. Dennis E. Goff for an arraignment hearing that had been continued at Butler's request. After a contempt hearing was held, Judge Goff found Butler in contempt and fined him. Butler now appeals.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The appellant William Butler, a private attorney, was appointed to represent Jeffery Lee Epperson in a criminal case due to a conflict with the Canyon County public defender's office. Butler appeared with Epperson at an arraignment on June 21, 1996. At the arraignment, Butler requested and received a continuance until July 19. Butler, however, failed to appear at the July 19 continued arraignment. During a dialogue with the presiding judge, Judge Goff, Epperson expressed dissatisfaction with Butler's performance as counsel. Judge Goff then alluded to previous problems with Butler and suggested that the public defender's office might want to review its conflicts contract with Butler. Judge Goff ordered Butler withdrawn from the case and substitute counsel appointed. Judge Goff further ordered the Canyon County prosecutor's office to prepare an order to show cause for his signature.

On July 30, the court signed and filed the show cause order prepared by the prosecutor's office in which Butler was ordered to show cause why he should not be held in contempt for his failure to appear with his client at the July 19 continued arraignment and should not be charged the administrative costs resulting from his failure to appear. In response to the show cause order, Butler filed an objection and an election to produce testimony, evidence and cross examination. On August 9, a hearing before Judge Goff was held on the show cause order. At the hearing, Butler called no witnesses, but informed the court that his failure to appear at the July 19 arraignment resulted because he had neglected to calendar the hearing. Based on this, Judge Goff determined that Butler had not established good cause for his failure to appear, found Butler in contempt, and fined him forty dollars. Butler appeals the finding of contempt.

## II.

### ISSUES ON APPEAL

Butler raises four issues on appeal. First, Butler argues that the district court was without power to order the prosecutor's office to initiate contempt proceedings against him. Second, Butler contends that an affidavit detailing the alleged contempt was necessary before the district court could hear the contempt charge. Third, Butler argues that the proceeding was invalid because he lacked knowledge of all the important facts surrounding the alleged contempt. Finally, Butler argues that in order to find him in contempt, his failure to appear must be proven wilful beyond a reasonable doubt.

## III.

### STANDARD OF REVIEW

A trial court's finding of contempt will not be overturned unless it is not supported by substantial evidence. *In re Williams*, 120 Idaho 473, 476, 817 P.2d 139, 142 (1991). Thus on appeal this Court does not weigh or interpret the facts anew; rather, we simply review the trial court's factual findings to determine if they are supported by substantial competent evidence.

## IV.

### USE OF PROSECUTOR'S OFFICE

In his brief, Butler alleges that the district court ordered the prosecutor's office to initiate contempt proceedings against him. The record, however, clearly establishes that the court ordered the prosecutor to *prepare* a show cause order which Judge Goff then

signed and filed. Thus, it was Judge Goff who initiated the contempt proceedings, not the prosecutor's office.

██ The power of courts to punish individuals for contempt is inherent, and although the power can be regulated by the legislature, it cannot be interfered with or abridged. *McDougall v. Sheridan*, 23 Idaho 191, 224, 128 P. 954, 965 (1913). Contrary to the assertion by Butler, the record clearly establishes that the prosecutor's office did not initiate the contempt proceedings, but simply prepared the show cause order that the court then signed and filed. Absent any prohibition by the legislature, we find it to be clearly within the inherent power of the district court to order a court officer, such as a prosecutor, to prepare an order for the judge's signature. "[W]hen proceedings are not provided by the legislature, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the code." *Id.* at 224–25, 128 P. at 965.

## V.

### AFFIDAVIT REQUIREMENT

██ Butler next argues that his failure to appear at the continued arraignment constituted indirect contempt which, under I.C. § 7–603, requires the filing of an affidavit. "Under the Idaho Code, contempts are of two classes—direct contempts, which occur in the immediate presence of the court, and indirect contempts which occur outside the presence of the court." *Jones v. Jones*, 91 Idaho 578, 581, 428 P.2d 497, 500 (1967). We have previously answered the question of whether the failure of an attorney to appear in court is direct or indirect contempt. *In re Williams*, 120 Idaho 473, 817 P.2d 139 (1991). In *Williams*, an attorney failed to appear for a trial he thought had been continued. After reviewing the various lines of authority dealing with an attorney's failure to appear in court, this Court adopted the hybrid form of direct contempt: "the contempt arises from the failure to appear by the attorney, which occurs in the presence of the court, which is claimed to be excused by matters taking place outside of the court." *Id* at 477, 817

P.2d at 143. Under I.C. § 7–603 direct contempts are treated summarily; thus, no affidavit was required for the court to initiate contempt proceedings against Butler.

## VI.

### FAILURE TO INFORM BUTLER OF ALL THE RELEVANT FACTS

██ Butler argues that his due process rights were violated because he was not made aware of discussions by Judge Goff with Butler's client and with other attorneys regarding prior problems with Butler. Butler contends that this lack of knowledge prevented him from properly preparing a defense.

This Court has previously articulated the due process requirements for the hybrid form of direct contempt which are as follows:

The subject attorney must be notified of the charge of contempt, the specific order of the court allegedly violated, and other important facts surrounding the alleged contempt. Proof of knowledge by the attorney of the original court order must also be shown. After receiving notice the absent attorney must be given a meaningful opportunity to explain the absence. These requirements are best met by issuing an order to show cause and conducting a hearing to allow the attorney to explain the absence. The subject attorney must be given the opportunity to be represented by counsel, to call witnesses is [sic] his or her behalf and to present evidence.

*Williams*, 120 Idaho at 478, 817 P.2d at 144 (citations omitted). It is undisputed that Butler was aware of the July 19 continued arraignment, was served with the show cause order, and was given an opportunity to be represented by counsel, explain his actions and present witnesses at the show cause hearing.

There is no indication in the record that Judge Goff's discussions with Butler's client and statements regarding Butler's prior conduct were the basis for the contempt charge. The show cause order clearly charged Butler with contempt only for his failure to appear at the July 19 continued arraignment and set forth the proposed sanctions. Because Butler was aware of all the material facts upon which the contempt charge was based and was given an adequate opportunity to explain

his absence from court on July 19, we find no violation of Butler's due process rights.

## VII.

### WILFULNESS REQUIREMENT

■ Butler argues that in order for the court to hold him in contempt, his actions must have been proven to be wilful beyond a reasonable doubt. Idaho courts have not previously addressed the question of wilfulness in contempt proceedings. Because Idaho's contempt statute was derived from California's, we find enlightening in interpreting our contempt statutes, California cases which have interpreted their contempt statute. *See e.g., Ex parte Niday*, 15 Idaho 559, 568, 98 P. 845, 848 (1908); *see also, In re Williams*, 120 Idaho 473, 817 P.2d 139 (1991) (citing California case law in adopting the hybrid form of direct contempt).

■ The California Court of Appeals has adopted a standard in which an attorney's failure to appear in court will be considered wilful for the purposes of contempt proceedings when the failure displays an indifferent disregard for the duty to promptly obey court orders. *In re Stanley*, 114 Cal. App.3d 588, 170 Cal.Rptr. 755 (1981); *In re Karpf*, 10 Cal.App.3d 355, 88 Cal.Rptr. 895 (1970). The California Supreme Court has held that a finding of contempt for failure to appear is warranted even though the attorney's absence was "not a deliberately and maliciously planned dereliction of duty," but rather exhibited "a remissness and failure in performance of duty ... coupled with the ability to perform." *Lyons v. Superior Court*, 43 Cal.2d 755, 278 P.2d 681, 683 (1955). The California Supreme Court further noted that if the absence was due to factors reasonably beyond the attorney's control, the burden of producing exculpatory facts rested on the attorney. *Id.*

■ We agree with the California courts that an indifferent disregard of a duty is a proper standard for determining wilfulness when an attorney fails to appear in court, and that the burden of producing exculpatory facts rests on the attorney. To require courts to find that an absent attorney acted deliberately and with malice would place an extremely high burden on judges who seek only to encourage attorneys to make timely court appearances.

■ It is undisputed that Butler failed to appear at the continued arraignment because he neglected to calender the hearing, a factor reasonably within his control. The evidence in the record is sufficient to support the district court's findings and those findings likewise support its conclusion that Butler's failure to appear at the continued arraignment amounted to an indifferent disregard of a duty to the court, and was contemptuous.

## VIII.

### CONCLUSION

For the reasons stated above, we affirm the district court's finding of contempt. Costs are awarded to the respondent.

JOHNSON, SILAK, SCHROEDER and WALTERS, JJ., concur.