COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia

KENNETH SINGLETON, S/K/A
   KENNETH L. SINGLETON

                                             OPINION BY
v.            Record No. 2381-07-1          JUDGE D. ARTHUR KELSEY
                                             OCTOBER 7, 2008
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles D. Griffith, Jr., Judge

Thomas B. Shuttleworth (Charles B. Lustig; Shuttleworth,
Ruloff, Swain, Haddad & Morecock, P.C., on brief), for
appellant.

Joanne V. Frye, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


The trial court held attorney Kenneth L. Singleton in contempt of court for failing to appear for a scheduled trial of his client and for directing his client not to appear as well.  On appeal, Singleton argues the evidence was insufficient as a matter of law to find him in contempt.  He also contends the trial court erroneously employed summary, rather than plenary, contempt procedures.  Finding Singleton's first argument unpersuasive and his second argument procedurally defaulted, we affirm.

I.

On appeal, we review the evidence in the "light most favorable" to the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  This principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom."  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted).

In the trial court, Singleton was retained to represent Darrell Simpson on a charge of driving under the influence. The court initially scheduled Simpson's trial date for August 30, 2007. Singleton's office contacted the prosecutor assigned to the case seeking his consent to a continuance. Singleton and the prosecutor agreed to jointly request a continuance of the trial date. Singleton then told his client "he did not need to appear in court on August 30, 2007." Neither Singleton nor the prosecutor contacted the trial court regarding the continuance. On August 30, the trial court called Simpson's case from the docket. The prosecutor was present, but Singleton and his client were not. The prosecutor presented a proposed continuance order signed by the prosecutor and Singleton. The court refused the proposed order.

Simpson's case returned to the court's docket for a bond hearing on September 12. On that date, the trial court questioned Singleton about the earlier trial date. "What authority do you have to excuse someone from court without a judge entering an order?" the court asked. Singleton answered, "None, Your Honor." "And yet, you did?" the court continued. "Yes, Your Honor." The court then found Singleton in contempt of court.

In his defense, Singleton argued: "I know I have no authority as a judge to excuse anyone from court, but as an officer of the court, I did believe, in good faith, that after speaking with the Commonwealth Attorney, we had agreed on a date." The court sought to clarify Singleton's point: "You do understand that nothing you talk about between counsel is an order until a judge says it's an order, right?" Singleton responded that he had signed the continuance order but "didn't know it was not entered." He then added: "Your Honor, I tell probably hundreds of people every year that they don't need to come to court." The court concluded the discussion with the admonition that, unless he obtains authority from the trial court to do so, Singleton should never excuse a client from appearing on a scheduled trial date.

At no point during this discussion or in any later motion did Singleton contest the summary nature of the contempt finding. Nor did he object to the lack of prior notice, request an opportunity to retain counsel, or demand a jury trial on the contempt charge.

II.

A. SUFFICIENCY OF THE EVIDENCE — CONTEMPTUOUS INTENT

On appeal, Singleton argues he could not be held in contempt as a matter of law because he lacked any contemptuous intent. Singleton concedes he did not appear for a scheduled trial and advised his client not to appear as well. He nonetheless lacked contemptuous intent, Singleton argues, because he assumed the court would enter the continuance order on the morning of trial, thus freeing him up to attend to other matters without having to make a perfunctory appearance. We find this argument unpersuasive.

Virginia courts have long recognized that the "power to punish for contempt is inherent in, and as ancient as, courts themselves." Carter v. Commonwealth, 2 Va. App. 392, 395, 345 S.E.2d 5, 7 (1986) (citations omitted). This intrinsic judicial power, in contrast to the procedures regulating it, is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Nusbaum v. Berlin, 273 Va. 385, 399, 641 S.E.2d 494, 501 (2007) (citation omitted). The underlying rationale rests not only on the need to enforce judicial orders but also on the more basic need to "preserve the confidence and respect of the people without which the rights of the people cannot be maintained and enforced." Carter, 2 Va. App. at 395, 345 S.E.2d at 7 (citations omitted).

Virginia law defines contempt "as an act in disrespect of the court or its processes, or which obstructs the administration of justice, or tends to bring the court into disrepute." Robinson v. Commonwealth, 41 Va. App. 137, 142, 583 S.E.2d 60, 63 (2003) (quoting Carter, 2

- 3 -

Va. App. at 396, 345 S.E.2d at 7 (citation omitted)). When it sets a trial date, a court implicitly orders counsel of record to appear on the date and at the time scheduled. If the attorney appears late and delays the court's proceedings without a legitimate excuse, the trial court has the discretion to employ its inherent contempt powers to punish the tardiness. See Brown v. Commonwealth, 26 Va. App. 758, 762, 497 S.E.2d 147, 149 (1998) (upholding contempt against an attorney who arrived at trial forty minutes later because he had scheduled "multiple matters in different jurisdictions at the same time").

It necessarily follows that "a lawyer's willful absence from his client's trial, without a legitimate reason, is contemptuous." United States v. Marx, 553 F.2d 874, 876 (4th Cir. 1977); see also United States v. Linney, 134 F.3d 274, 277 (4th Cir. 1998) (holding lawyer in contempt for failure to attend trial). As one court persuasively explained:

> When an attorney fails to appear in court with his client, particularly in a criminal matter, the wheels of justice must temporarily grind to a halt. The client cannot be penalized, nor can the court proceed in the absence of counsel. Having allocated time for this case, the court is seldom able to substitute other matters. Thus, the entire administration of justice falters.

State v. Jenkins, 950 P.2d 1338, 1345 (Kan. 1997) (citation omitted) (affirming contempt of court finding).[1]

In this case, Singleton's explanation falls short of establishing a "legitimate reason," Marx, 553 F.2d at 876, for his failure to attend his client's trial and for his decision to tell his client not to appear on that date. Singleton had no information suggesting that the court had

---

[1] See also United States v. Chapel, 480 F. Supp. 591, 594 (D.P.R. 1979) (holding "a lawyer's willful absence from his client's trial without a legitimate reason is contemptuous"); State v. Epperson, 950 P.2d 1244, 1248 (Idaho 1997) (affirming finding of direct contempt by attorney who "failed to appear"); In re Contempt Hearing of Nasser, 644 N.E.2d 93, 95 (Ind. 1994) (noting that "most jurisdictions hold that an attorney stands in contempt when the attorney fails to appear at a judicial proceeding that he or she is legally required to attend"); In re Hampton, 919 So. 2d 949, 955 (Miss. 2006) (finding attorney's "intention to absent herself from the hearing" amounted to direct criminal contempt).

entered the continuance order prior to trial. Nor did he have any indication the court would do so on the morning of trial. He simply presumed it would. See In re Contempt Hearing of Nasser, 644 N.E.2d 93, 96 (Ind. 1994) (affirming contempt conviction for attorney who "filed a continuance a few days before trial" and then simply "assumed he would be excused"). His presumption was illegitimately secured, moreover, by the fact that neither he nor his client would be present — leaving the court with no choice but to continue the trial date. See In re Hunt, 367 A.2d 155, 157 (D.C. 1976) (affirming tardy lawyer's contempt conviction when he "deliberately and willfully substituted his own judgment for a direct order of the court").

Though it is often said that "the question of continuances rests in the sound discretion of the trial court," Bryant v. Commonwealth, 248 Va. 179, 182, 445 S.E.2d 667, 669 (1994), Singleton's conduct deprived the court of the opportunity to exercise that judicial discretion. Such conduct was "in disrespect of the court," Robinson, 41 Va. App. at 142, 583 S.E.2d at 63, because of its presumptuousness. It obstructed "the administration of justice," id., by disrupting the orderly scheduling of the trial and by precluding the trial court from exercising its discretion. It had a tendency to "bring the court into disrepute," id., by implying to the public that the lawyers — not the court — grant or deny continuances in criminal cases.

In a long array of decisions, we have emphasized: "It is the responsibility of the trial court, not the prosecutor or the accused, to control the court's docket and schedule criminal cases for trial." Baker v. Commonwealth, 25 Va. App. 19, 24, 486 S.E.2d 111, 113 (1997); see Powell v. Commonwealth, 29 Va. App. 745, 750, 514 S.E.2d 785, 788 (1999); Baity v. Commonwealth, 16 Va. App. 497, 502, 431 S.E.2d 891, 894 (1993); Williams v. Commonwealth, 2 Va. App. 566, 569, 347 S.E.2d 146, 148 (1986). By not showing up for trial and advising his client to do the same, Singleton undermined the trial court's authority in a manner warranting the sanction of contempt of court.

B.  Summary (Direct) vs. Plenary (Indirect) Contempt

Singleton also argues on appeal that, even if guilty of contempt, he was not afforded the procedural protections required by due process.  Contending the contempt finding cannot be characterized as summary, Singleton claims he should have been given the procedural protections associated with plenary contempt.  These rights include advance notice of the charge, the right to counsel, and the right to a jury trial.  Though our case law has touched on the subject in analogous circumstances, Brown, 26 Va. App. at 762, 497 S.E.2d at 149 (upholding summary contempt where the attorney arrived forty minutes late for trial), and other jurisdictions appear divided on the subject,[2] we will not engage the issue in this case.

Rule 5A:18 precludes appellants from raising for the first time on appeal "grounds asserted as a 'basis for reversal' of the trial court's judgment."  Blackman v. Commonwealth, 45 Va. App. 633, 642, 613 S.E.2d 460, 465 (2005).  A proper objection in the trial court serves as a "precondition to appellate review."  Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).  "Not just any objection will do.  It must be both *specific* and *timely* — so that the trial judge would know the particular point being made in time to do something about it."  Id. (emphasis in original).  An "appellate court, in fairness to the trial judge, should not . . . put a different twist on a question that is at odds with the question presented to the trial court."  Commonwealth v. Shifflett, 257 Va. 34, 44, 510 S.E.2d 232, 237 (1999).  Among the "salutary purposes of our

---

[2] Compare In re Rosen, 315 A.2d 151, 152-53 (D.C. 1974) (*per curiam*) (holding "summary" contempt is proper "where an attorney fails to appear in court"), and Chula v. Superior Court of Orange County, 368 P.2d 107, 110 (Cal. 1962) (holding the "failure of an attorney, without valid excuse, to be present in court" constitutes "a direct contempt which the court is empowered to punish summarily"), with In re Davis, 602 N.E.2d 270, 276 (Ohio Ct. App. 1991) (noting that "Ohio has generally treated an attorney's absence from court as an indirect contempt"), and Jenkins, 950 P.2d at 1347 (the "unexplained absence of an attorney is a hybrid" and the "characterization of the contempt as direct or indirect should be deferred until after the attorney has an opportunity to explain his absence").

contemporaneous objection rule" is to give the trial judge "a fair opportunity to rule intelligently on objections while there is still an opportunity to correct errors in the trial court" and to "protect the trial court from litigants asserting error on appeal that had not been raised at trial." Vasquez v. Mabini, 269 Va. 155, 163, 606 S.E.2d 809, 813 (2005) (citation omitted).

At no point in the trial court did Singleton make the argument he now makes on appeal.[3] Singleton's summary contempt argument, therefore, cannot be addressed on appeal because he never raised the issue in the trial court. See Nusbaum, 273 Va. at 402-06, 641 S.E.2d at 503-05 (holding procedural bar of Rule 5:25, the Supreme Court's analogue to Rule 5A:18, precludes argument on appeal that trial court erroneously employed summary, direct contempt procedures instead of plenary, indirect procedures).[4]

## III.

The trial court did not err in finding Singleton in contempt of court for not appearing for trial and for advising his client to do the same. We thus affirm his conviction.

Affirmed.

---

[3] We do not mean to imply any neglect on Singleton's part. He may have had a perfectly good reason for not raising this argument in the trial court. One such reason is that the statutory "constraints" of Code §§ 18.2-456 and 18.2-457 do not apply to plenary, indirect contempt proceedings. Robinson, 41 Va. App. at 146, 583 S.E.2d at 64.

[4] Singleton's appellate brief does not argue that any exception to Rule 5A:18 applies, and we will not *sua sponte* invoke one on his behalf. See Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*), aff'd by unpublished order, No. 040019 (Va. Oct. 15, 2004). At oral argument, Singleton asserted that he should be excused from making an objection to the trial court's ruling because he had no opportunity to do so. As in Nusbaum, however, "this is not a situation where the circuit court prevented [him] from voicing his objections" in open court. Nusbaum, 273 Va. at 406, 641 S.E.2d at 505 (addressing Code § 8.01-384(A) argument). Nor did the trial court preclude Singleton from asserting a "motion to reconsider" contesting the summary nature of the contempt proceeding. See id. That he failed to do either was not due to any lack of opportunity.