COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Haley and Petty
Argued at Chesapeake, Virginia


GORDON ANDREW ZEDD

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2621-07-1                          JUDGE WILLIAM G. PETTY
                                                        DECEMBER 2, 2008

COMMONWEALTH OF VIRGINIA


                   FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                              Charles D. Griffith, Jr., Judge

              Charles B. Lustig (Thomas B. Shuttleworth; Shuttleworth, Ruloff,
              Swain, Haddad & Morecock, P.C., on brief), for appellant.

              Joanne V. Frye, Assistant Attorney General (Robert F. McDonnell,
              Attorney General, on brief), for appellee.


        The trial court held attorney Gordon Andrew Zedd in contempt of court for advising his

client he did not need to appear on the scheduled date of his criminal trial because Zedd assumed

that the court would grant his request for a continuance.  Zedd argues that the evidence was

insufficient to find him guilty of contempt.  He also argues that the trial court erred by employing

summary rather than indirect contempt procedures, therefore denying him the procedural safeguards

afforded under the latter.  We disagree and affirm Zedd's conviction.

        On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  Zedd was retained to

represent Kiwani Scott in a reckless driving appeal in the Circuit Court of the City of Norfolk.

The *de novo* appeal was scheduled for trial on October 2, 2007.  The day before the trial, Zedd

contacted the assistant Commonwealth's attorney assigned to the case and requested a

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

continuance. The prosecutor agreed to a joint continuance because the state trooper, who was the Commonwealth's key witness, was unable to appear in court to testify for personal reasons. Based on his assumption that the case would be continued, Zedd advised his client that he did not need to appear in court on October 2. According to the written statement of facts, "the attorneys did not seek or obtain approval from [the trial court]" for a continuance before the trial date.

On October 2, Zedd and the assistant Commonwealth's attorney presented the trial judge with a signed joint continuance order and asked the court to continue the case until November 6, 2007. The order stated that the good cause for the continuance was: "Trooper is ill; defense attny [sic] excused client." When the trial judge inquired as to the whereabouts of the defendant, Zedd confirmed that he had excused him. Zedd concedes that he knew that the court had not agreed to the continuance request. During this exchange, the only reason that Zedd stated for excusing his client was the unavailability of the state trooper. According to the written statement of facts, "Zedd acknowledged that he had no authority to excuse his client absent judicial approval to do so."[1] The trial court held Zedd in contempt of court "for excusing his client from court without judicial approval." The written statement of facts does not contain any objection by Zedd to the trial court's authority to consider the matter as one of summary contempt.

Zedd argues that there was no evidence of contemptuous intent and, therefore, he cannot be guilty of contempt. Zedd further argues that because the allegedly contemptuous behavior did not occur exclusively in the presence of the trial court, the matter should have been treated as indirect rather than summary contempt.

---

[1] The trial judge included this particular fact in the written statement of facts. Zedd objected to its inclusion in the statement of facts, and he contends that he never acknowledged that he lacked the authority to excuse his client.

The issues here are identical to those we recently addressed in <u>Singleton v.</u> <u>Commonwealth</u>, 52 Va. App. 665, 667 S.E.2d 23 (2008). In that case, we held that "[b]y not showing up for trial and advising his client to do the same, Singleton undermined the trial court's authority in a manner warranting the sanction of contempt of court." <u>Id.</u> at 671, 667 S.E.2d at 26. We further held that the appellant's summary contempt argument was waived because it was never raised in the trial court. <u>Id.</u> at 672-73, 667 S.E.2d at 26.[2]

Zedd attempts to distinguish <u>Singleton</u> by noting that there, *both* the attorney and the defendant failed to appear for trial. We find this to be a distinction without a difference. We noted in <u>Singleton</u> that "[t]hough it is often said that 'the question of continuances rests in the sound discretion of the trial court,' Singleton's conduct deprived the court of the opportunity to exercise that judicial discretion." <u>Id.</u> at 670, 667 S.E.2d at 25 (internal citations omitted). Zedd's conduct had the same result.[3]

Therefore, we conclude that <u>Singleton</u> controls our decision and, for the reasons stated therein, we affirm Zedd's conviction.

<u>Affirmed.</u>

---

[2] Zedd argues that he did not have an opportunity to object to the trial court's decision to hold him in summary contempt and thus Code § 8.01-384 excused his failure to raise the issue at trial. Zedd, who we note is an attorney, offered no reason why such an objection could not have been made, either before the trial court or in a subsequent motion to set aside the verdict. Accordingly, we are not persuaded by this argument.

[3] Zedd also points out that the assistant Commonwealth's attorney, by excusing his witness, also contributed to the necessity for a continuance. However, Zedd overlooks the fact that the court could have denied the continuance and then dismissed the case if the Commonwealth were unable to proceed.