UPON REHEARING EN BANC
D. ARTHUR KELSEY, Judge.
The trial court found Claude M. Scialdone, Barry R. Taylor, and Edward S. Jones in contempt of court. On appeal, a panel of this Court held the evidence was sufficient to support the contempt findings. Scialdone v. Commonwealth, 51 Va.App. 679, 724-27, 660 S.E.2d 317, 340-41 (2008). The panel remanded the cases for retrial, however, ruling that the trial *230 court improperly conducted a summary contempt proceeding and thereby deprived appellants of due process rights associated with plenary contempt. Id. at 718-24, 660 S.E.2d at 337-41.
At the Commonwealth’s request, we agreed to rehear the cases en banc. Having done so, we now hold appellants failed to preserve for appeal their argument that the trial court deprived them of due process rights associated with plenary contempt. At no point during the contempt proceeding did appellants object to its summary nature or assert any entitlement to plenary due process rights. Instead, appellants raised these points for the first and only time solely in support of a request under Code 19.2-319 for bail and a stay of the judgments pending appeal. A motion under Code 19.2-319, standing alone, does not preserve issues for appeal not previously raised in the trial court.
I.
On July 11, 2006, the trial court began the jury trial of Frankie Dulyea on various criminal charges. Scialdone served as lead defense counsel at trial. Jones, a third-year law student, and Taylor, Scialdone’s law partner, assisted the defense. During the course of the trial, the court suspected Scialdone and Taylor had altered a document offered into evidence. The court also became concerned Jones had added insulting language to an exhibit offered for admission into evidence. The court investigated these concerns by examining the documents and by summoning additional witness testimony and documentary evidence. The court heard some of this evidence while Taylor and Jones were not present in the courtroom.
Anticipating where the court’s investigation might end, Scialdone stated he would “like to know what [he’s] being charged with” because he “may want to have a lawyer for that.” In response, the trial court ruled: “I’m finding you in summary contempt, all three of you.... At this point in time that’s what’s happening.” Upon being advised of this finding, *231 neither Scialdone, Taylor, nor Jones objected to the summary nature of the contempt findings. Nor did they request any procedural rights associated with plenary contempt.
Dulyea’s jury trial ended three days later. Shortly after the jury had been discharged, the trial court referred back to its ruling made the first day of trial and stated: “Pursuant to Code § 18.2-456, I found all three of you in contempt of court.” Upon explaining the rationale behind its ruling, the court sentenced Scialdone, Taylor, and Jones to each serve ten days in jail and pay a $250 fine. Once again, none of the appellants objected to the summary nature of the contempt findings. Nor did they request any of the procedural protections associated with plenary contempt. That same day, appellants filed notices of appeal.
A few days later, appellants filed with the trial court Motions for Stay of Execution of Sentence.[1] Relying on Code 19.2-319, they requested a stay of execution of the sentence pending appeal of the contempt conviction to the Court of Appeals. On July 18, appellants also filed a Motion for Emergency Stay of Sentence in this Court requesting that we exercise our authority under Code 19.2-319 to stay the sentences pending appeal. The motions alleged the trial court had not ruled on the motions to stay pending in the trial court.
We issued an order noting that “the circuit court’s oral ruling from the bench” found appellants in contempt of court and sentenced them to an active jail term. See Temporary Stay Order (July 19, 2006). In response, we further noted, appellants had “filed motions, pursuant to Code 19.2-319, with the circuit court asking that court for a stay of each of the ten-day sentences for contempt of court pending the appeals of these cases.” Id. We granted “a temporary stay of the execution of the jail sentences until such time that the circuit court rules on the pending motions filed before it pursuant to Code 19.2-319.” Id. Our remand was specific and limited: *232 “We direct the clerk of the circuit court to forward a copy of the written orders addressing these motions” to our clerk of court within 14 days. Id. (emphasis added).
In response to our remand order, the trial court conducted a hearing on the request for a stay pending appeal. At that hearing, appellants argued they should be granted bail in order to pursue an appeal challenging the factual sufficiency of the contempt findings and legal validity of the summary contempt procedures. For the first time during the trial court proceedings, appellants argued the court improperly found them guilty of summary contempt without providing them with prior notice of the charge, an opportunity to prepare a defense, or the benefit of legal counsel. Appellants, however, did not ask the court withdraw its contempt findings, issue a show-cause order outlining the charges, or continue the proceedings so they could retain counsel and prepare a defense. Instead, appellants criticized the summary nature of the contempt proceedings solely as a preview of the arguments they intended to make on appeal.
“[Bjased upon the foregoing,” appellants argued, they were entitled to “an order of stay of execution of the sentenced] pending appeal of the contempt conviction[s] to the Court of Appeals of Virginia.” Motions for Stay of Execution of Sentence (July 17-18, 2006). In their attachment to the motions, appellants specifically made clear the scope of their argument to the trial court: “This Court is respectfully requested to consider these authorities in support of the Motion to Stay Execution of Sentence pending appeal.” Id. at Attachment A.
The trial court denied the motion for a stay pending appeal. Appellants appealed the trial court’s Code § 19.2-319 ruling and eventually secured from the Virginia Supreme Court an order staying execution of the sentences pending appeal.
With the sentences stayed, the appeal continued. Scialdone, Taylor, and Jones filed appellate briefs contending the evidence was insufficient as a matter of law to find them guilty of contempt of court. They also argued that, even if the evidence were sufficient, the trial court erroneously conducted a *233 summary contempt proceeding that, in effect, deprived them of due process rights available under plenary contempt law.
A panel of this Court rejected appellants’ challenge to the sufficiency of the evidence, Scialdone, 51 Va.App. at 724-27, 660 S.E.2d at 340-41,[2] but accepted appellants’ due process argument and remanded the cases for retrial using plenary contempt procedures. The Commonwealth filed a petition for en banc rehearing contesting the panel’s decision to remand the cases for retrial. We granted the Commonwealth’s petition for rehearing en banc to reconsider this issue.
II.
Appellants did not petition for en banc rehearing of the panel’s decision finding the evidence sufficient and, thus, we need not reengage that aspect of these appeals. See generally Ferguson v. Commonwealth, 51 Va.App. 427, 432-33, 658 S.E.2d 692, 695 (2008) (en banc) (holding the en banc court would not address issues “affirmed by the panel opinion” for which appellant “did not petition for rehearing en banc”). We reinstate the panel opinion as to those issues. Id. We limit our en banc review to the question whether appellants properly preserved their appellate challenge to the summary nature of the contempt proceeding and, if so, whether the trial court deprived appellants of procedural rights associated with plenary contempt. Because we answer the first question in the negative, we do not reach the second.
III.
Appellants contend the trial court erroneously conducted a summary contempt proceeding and thereby deprived them of due process rights associated with plenary contempt. See generally Int'l Union, United Mine Workers of Am. v. *234 Bagwell, 512 U.S. 821, 826-34, 114 S.Ct. 2552, 2556-61, 129 L.Ed.2d 642 (1994). Nothing in the record, however, shows that appellants ever asked the trial court to recognize any specific procedural right associated with plenary contempt. In other words, appellants argue the trial court erroneously deprived them of procedural rights they never requested.
Rule 5A:18 applies to appellate challenges of summary contempts, Singleton v. Commonwealth, 52 Va.App. 665, 672-73, 667 S.E.2d 23, 26 (2008), just as it does to any other non-jurisdictional claim of trial court error. See, e.g., Nusbaum v. Berlin, 273 Va. 385, 406, 641 S.E.2d 494, 505 (2007) (barring argument that the trial court violated defendant’s due process rights “by summarily convicting him of indirect [plenary] criminal contempt”). Appellants acknowledge this point but argue their motions under Code 19.2-319 to stay their sentences satisfy Rule 5A:18. We disagree.
Under Rule 5A:18, raising a legal argument in support of one type of relief does not preserve for appellate review the same argument in support of another type of relief which was never requested. Put another way, when a “party does not simply disagree with the action of the trial court, but seeks the trial court to take action, that action must be expressly sought.” Parker v. Commonwealth, 14 Va.App. 592, 596, 421 S.E.2d 450, 453 (1992). Thus, a litigant who has merely “questioned the correctness” of the court’s order but did not “expressly indicate the action [he] wanted the trial court to take” cannot appeal on the ground that the trial court erroneously failed to take some required action. Widdifield v. Commonwealth, 43 Va.App. 559, 562-63, 600 S.E.2d 159, 161-62 (2004) (en banc) (emphasis in original).
This principle uniformly applies to objections to seating jurors,[3] objections to the same evidence from different *235 witnesses,[4] requests for cautionary instructions,[5] objections alleging witness perjury,[6] and objections to irregularities in jury deliberations.[7] In each example, the point is the same: Except in the most egregious of circumstances, a litigant cannot argue on appeal that the trial court erroneously denied him relief which he never specifically asked for in the trial court. See, e.g., Bennett v. Commonwealth, 29 Va.App. 261, 280, 511 S.E.2d 439, 448 (1999) (holding “the objecting party must expressly seek the action that it desires the judge to take”); cf. Gray v. Netherlands 518 U.S. 152, 167-69, 116 S.Ct. 2074, 2083-84, 135 L.Ed.2d 457 (1996) (holding a motion to exclude evidence does not require a trial court to grant a continuance sua sponte when the court denies the motion).
*236 This principle, so basic to the nature of the judicial process, undergirds our application of procedural default law. Like most courts, we believe “[o]ur adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief.” Greenlaw v. United States, - U.S. -, -, 128 S.Ct. 2559, 2564, 171 L.Ed.2d 399 (2008) (citation omitted). For this reason, courts rely “chiefly on the parties to raise significant issues and present them to the courts in the appropriate manner at the appropriate time for adjudication.” Sanchez-Llamas v. Oregon, 548 U.S. 331, 356, 126 S.Ct. 2669, 2685, 165 L.Ed.2d 557 (2006) (emphasis in original).
In this case, appellants filed motions under Code 19.2-319 asking the trial court to stay their sentences and admit them to bail pending appeal. We remanded the case for the trial court to address those motions. “Code § 19.2-319 allows for a person who has been convicted of an offense to be released on bail during the pendency of an appeal.” Bowling v. Commonwealth, 51 Va.App. 102, 108 n. 4, 654 S.E.2d 354, 357 n. 4 (2007). In this respect, “a bail proceeding is not an integral part of the guilt-innocence determination. Rather, it is ancillary to the criminal prosecution.” Askew v. Commonwealth, 49 Va.App. 127, 138, 638 S.E.2d 118, 123 (2006) (quoting Commonwealth v. Smith, 230 Va. 354, 357, 337 S.E.2d 278, 279 (1985)) (emphasis added by Askew). A motion under Code § 19.2-319 does not expressly or implicitly call upon the trial court to reconsider its prior rulings or vacate the judgment being appealed.
In short, appellants never asked the trial court to grant them any procedural right associated with plenary contempt.[8] It would be altogether wrong for us to recast the Code 19.2-319 motions to stay into defacto motions for reconsideration of *237 the merits of the case. Out of “fairness to the trial judge” appellate courts should not “put a different twist on a question that is at odds with the question presented to the trial court.” Commonwealth v. Shifflett, 257 Va. 34, 44, 510 S.E.2d 232, 237 (1999).
If we were to accept appellants’ argument, we would impose upon trial courts the sua sponte obligation to vacate a conviction on grounds raised for the first and only time during a motion for stay pending appeal when the party standing to benefit from the vacature, the defendant, conspicuously chose not to seek such relief. Doing so would be as unprecedented as it would be problematic—particularly in cases where, as here, appellants “may have had a perfectly good reason” for not specifically asking the trial court to proceed under plenary contempt proceedings. Singleton, 52 Va.App. at 672 n. 3, 667 S.E.2d at 26 n. 3. “One such reason is that the statutory ‘constraints’ of Code §§ 18.2-456 and 18.2-457 do not apply to plenary, indirect contempt proceedings.” Id. (citing Robinson v. Commonwealth, 41 Va.App. 137, 146, 583 S.E.2d 60, 64 (2003)).
In many respects, our case parallels Nusbaum. There, a lawyer was held in summary contempt and argued on appeal he was entitled to due process protections available for plenary contempt. Prior to the entry of the final order, the lawyer stated “specific objections” to the summary proceeding (similar to the ones asserted here) claiming the trial court “violated his due process rights.” Nusbaum, 273 Va. at 404, 641 S.E.2d at 504. The lawyer advised the trial court that he presented his specific objections to “make sure” he “preserved any right of appeal” of the summary contempt finding. Id. The court agreed and invited the lawyer “to state on the record his objections to the contempt of court finding.” Id. at 406, 641 S.E.2d at 505.
The lawyer in Nusbaum, however, did not ask the trial court to “reconsider and set aside the finding of contempt of court for those reasons.” Id. Stating that “he was not requesting the circuit court to reconsider its ruling,” the *238 lawyer advised the court that he merely wanted to ensure that the final order “include the ‘particulars’ of his objection” to the summary contempt conviction. Id. After hearing the lawyer’s specific objections to the contempt finding, the trial court entered a final order confirming its previous bench ruling finding the lawyer in contempt.
On appeal, the lawyer argued that “having made the circuit court aware of his objections, he had no obligation to ask the court to reconsider any matter since the court had the opportunity, within 21 days of entering the final order, to vacate that order and change its rulings.” Id. at 402, 641 S.E.2d at 503. The Virginia Supreme Court flatly disagreed. The lawyer could not claim the trial court erred in not vacating its contempt finding on due process grounds, Nusbaum held, because the lawyer never once asked the court to do so. “Those issues, whether the circuit court violated his due process rights by summarily convicting him of indirect criminal contempt, with no notice of the charge, no plenary criminal hearing, and no substitution of the Commonwealth as the prosecuting party, are therefore waived on appeal.” Id. at 406, 641 S.E.2d at 505.
Like the lawyer in Nusbaum, appellants in this case never asked the trial court to vacate its oral contempt findings.[9] Nor did they ever seek permission to relitigate the charges using plenary contempt procedures. Both the lawyer in Nusbaum and appellants in this case raised their arguments solely for appellate purposes: the former in an ineffectual effort at preserving the issue for appeal, the latter in an unpersuasive effort to obtain bail pending appeal. In neither *239 instance, however, were the trial courts asked to supply any neglected due process protection. To be sure, the only difference between Nusbaum and this case is the lawyer in Nusbaum said he was not asking the trial court to vacate its earlier rulings based upon his objections to the summary process whereas, here, appellants made no such objections in the first place and thus had no reason to disavow them later.
For these reasons, we find it inconsequential that “the trial judge acknowledged she received and read appellants’ motions for stay before she entered the order finding the men in contempt on Wednesday, July 19.” Post at 250, 670 S.E.2d at 764 (emphasis in original). Exactly the same thing could be said about the trial judge in Nusbaum. Prior to the entry of the final order, he heard in open court each of the lawyer’s arguments challenging the summary contempt. The objections appeared on the later written order. Yet, like appellants, the lawyer in Nusbaum never asked the trial court to vacate its summary contempt findings so the case could be relitigated using plenary contempt procedures. This disconnect fully negates the assertion that appellants gave the trial court a sufficient opportunity to “correct the alleged error.” Post at 255, 670 S.E.2d at 766. In Nusbaum, as here, the only opportunity being presented to the trial court was the opportunity to sua sponte vacate its earlier rulings when the complaining parties conspicuously had not asked it to do so.
IV.
Because appellants never asked the trial court to employ plenary contempt procedures, they will not now be heard to assert the trial court erred by failing to do so. We reinstate the panel’s sufficiency holdings and affirm the trial court’s findings of contempt against Scialdone, Taylor, and Jones.

Affirmed.

. Scialdone and Taylor filed their motions in the trial court on July 17. Jones filed his motion on July 18.

. The panel reviewed in detail the circumstances justifying this conclusion as applied to Scialdone and Taylor. Scialdone, 51 Va.App. at 724—27, 660 S.E.2d at 340-41. The Court had earlier refused to consider Jones’s sufficiency challenge and that issue was not before the panel. Id. at 724 n. 12, 660 S.E.2d at 340 n. 12.

. A party who unsuccessfully objects to rulings made during the voir dire of a prospective juror has no appellate complaint as to that juror unless he specifically asked the trial court to strike that juror. See Mu'Min v. Commonwealth, 239 Va. 433, 445 n. 6, 389 S.E.2d 886, 894 *235 n. 6 (1990); Spencer v. Commonwealth, 238 Va. 295, 306-07, 384 S.E.2d 785, 793 (1989).

. Thus, an unsuccessful objection "to the admissibility of certain evidence [is] waived by the failure to object to the same evidence subsequently introduced.” Philip Greenberg, Inc. v. Dunville, 166 Va. 398, 404, 185 S.E. 892, 894 (1936). This is true even if "precisely the same fact” was involved and the trial court had earlier rejected precisely the same objection. Id.; see also Portner v. Portner’s Ex’rs, 133 Va. 251, 263, 112 S.E. 762, 766 (1922) (holding that, "if it had been error to admit [the challenged evidence] in the first place, subsequent introduction of the same evidence without objection constituted a waiver of the previous objection”); Charles E. Friend, The Law of Evidence in Virginia § 8-4, at 295 (6th ed. 2003) ("Waiver is found where ... [t]he objecting party fails to object to the same evidence when subsequently introduced by the opponent.” (emphasis omitted)).

. A party who unsuccessfully objects to evidence cannot appeal on the ground the trial court failed to give a cautionaiy instruction unless he asked the trial court to give a cautionaiy instruction. Largin v. Commonwealth, 215 Va. 318, 321, 208 S.E.2d 775, 777 (1974); Berry v. Commonwealth, 22 Va.App. 209, 214, 468 S.E.2d 685, 687-88 (1996).

. A defendant’s notice to the court that a witness has likely peijured herself is not tantamount to asking the court for a mistrial, an order, or "any specific remedy.” Elliott v. Commonwealth, 267 Va. 396, 422, 593 S.E.2d 270, 286 (2004).

. A party cannot appeal the trial court’s failure to take specific action in response to an irregularity in juiy deliberations unless the party asked the trial court to do something about it. See, e.g., Parker, 14 Va.App. at 596, 421 S.E.2d at 453.

. Appellants do not argue that any exception to Rule 5A:18 applies, and we will not invoke one sua sponte. See Edwards v. Commonwealth, 41 Va.App. 752, 761, 589 S.E.2d 444, 448 (2003) (en banc), aff'd by unpublished order, No. 040019 (Va. Oct. 15, 2004).

. The trial court's oral contempt pronouncements were not merely forewarnings of the court’s ultimate decision. In Virginia, contempt orders "orally pronounced from the bench” are immediately effective and enforceable. Rollins v. Bazile, 205 Va. 613, 616, 139 S.E.2d 114, 116 (1964). A written order memorializing an oral contempt finding "does not constitute an integral part of, and should not be confused with, the judgment itself.” Id. at 617, 139 S.E.2d at 117; see also Jefferson v. Commonwealth, 269 Va. 136, 139-40, 607 S.E.2d 107, 109 (2005) (”[T]he Rollins principle does not affect the rule that: 'A court speaks only through its orders.’ ”).