**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45427**

| | |
|---|---|
| BRANDON JACK TIMPSON, | ) |
| | ) **Filed: October 23, 2018** |
| Petitioner-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment dismissing petition for post-conviction relief, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Brandon Jack Timpson appeals from the district court's judgment dismissing his petition for post-conviction relief. Timpson argues the district court erred in: (1) concluding that the evidence Timpson provided was not verified; (2) concluding that the evidence provided was not new or additional and did not show Timpson's sentence was excessive; and (3) using an improper standard to evaluate the petition. The judgment dismissing Timpson's petition for post-conviction relief is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2015, Timpson pleaded guilty to robbery and felony possession of a controlled substance. On the robbery charge, he was sentenced to a twenty-five-year term, with six years determinate; and on the possession charge, he was sentenced to a seven-year-term, with two

1

years determinate, running concurrently with the robbery charge. After an unsuccessful appeal,[1] Timpson filed a pro se petition for post-conviction relief. Attached to the petition was a letter from Timpson's attorney advising Timpson that "[i]f you choose to pursue a Rule 35 motion then you will need to provide my office with your reasons for relief (i.e. the new evidence)." Also attached was an affidavit from Timpson's mother stating Timpson had told her, over the phone, that he wanted to file a Rule 35 motion, and that Timpson's mother had personally informed Timpson's attorney of such.

The district court appointed post-conviction counsel and allowed Timpson to file an amended petition. In the amended petition, Timpson alleged his trial attorney was ineffective for failing to file an Idaho Criminal Rule 35 motion requesting a reduction in his sentence.[2] The district court issued a notice of intent to dismiss Timpson's petition. In response, Timpson filed a reply claiming he sent an email with supporting information to his attorney's investigator in order to support a Rule 35 motion, although he did not attach a copy of the email. Timpson claimed the email explained that he "was granted a trustee position at the prison and was working full time as a painter and dry wall worker," and "that the length of the sentence made him ineligible for programming at the work center, that he had a full time job awaiting him in both Utah and Idaho, and that his severe health issues would be better treated in the community."

The district court concluded Timpson's petition failed to provide new or additional evidence to support a Rule 35 motion and that the claims about the contents of Timpson's email to his attorney were not properly verified. The district court found "Timpson has not set forth any admissible evidence for this Court to consider in evaluating the probability of success of a Rule 35 motion, had it been filed." But even if the information from Timpson's reply was considered, the district court concluded it did not constitute new or additional evidence which rendered Timpson's sentence excessive. Thus, the district court dismissed Timpson's petition for post-conviction relief.

Timpson timely appeals.

---

[1]     *State v. Timpson*, Docket Nos. 43781 & 43782 (Ct. App. Aug. 4, 2016) (unpublished).

[2]     Timpson also alleged his trial attorney was ineffective for failing to file a motion to suppress his confession, but Timpson does not raise that issue in this appeal.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such

3

inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

## III.

## ANALYSIS

Timpson argues the district court erred in concluding that: (1) the evidence Timpson provided in his reply was not verified; and (2) the evidence provided was not new or additional and did not show Timpson's sentence was excessive. Timpson also argues the district court's statement that Timpson's "desire for programming and new job opportunities do not erase the crimes he committed or the reasoning behind the sentence" signals the district court used an improper standard to evaluate Timpson's petition.

First, we address whether the information about the email which allegedly contained information relevant to a Rule 35 motion was properly verified in Timpson's reply to the district court's notice of intent to dismiss. The district court did not elaborate on its conclusion as to why it regarded Timpson's reply to be unverified. However, an inspection of the certificate of verification provides a possible reason. Rather than referring to the reply, the certificate refers to Timpson's amended petition. Timpson claims this was just a copy-and-paste error by counsel-- that counsel took the verification paragraph from the amended petition and pasted it into the verification for the reply, but did not edit the language to fit the reply. Timpson, citing to *State v. Schmierer*, 159 Idaho 768, 771, 367 P.3d 163, 166 (2016) and *In re Weick*, 142 Idaho 275, 279, 127 P.3d 178, 182 (2005), argues this was a clerical error which, if corrected by this Court, would not prejudice the State and that failing to correct the clerical error would "exalt form over substance."

We agree. By comparing the certificates of verification from Timpson's amended petition and his reply, and noting the different dates on which they were signed, it is clear that counsel's failure to correct the language of the verification was a mistake and not intended to re-verify his amended petition. Evaluating the information provided in Timpson's reply does not prejudice the State because, as shown below, it does not support a Rule 35 motion. Thus, in concluding Timpson did not properly verify his reply, the district court erred.

Second, we consider whether Timpson established, by a preponderance of the evidence, that his trial attorney rendered ineffective assistance by not filing a Rule 35 motion. Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test: (1) deficient performance; and (2) resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Lint v. State*, 145 Idaho 472, 477-78, 180 P.3d 511, 516-17 (Ct. App. 2008). In order to avoid the conclusion that a Rule 35 motion would not have been granted by the district court, a defendant must show that the sentence is excessive in light of new or additional information. *Huffman*, 144 Idaho at 203, 159 P.3d at 840 (2007).

After considering all the evidence provided by Timpson--the letter from his attorney, his mother's affidavit, and the claims Timpson allegedly made in an email to his attorney--it is clear that Timpson's Rule 35 motion would not have been granted. To the extent Timpson argues he did not have to establish that his sentence is excessive, but only that there was a reasonable probability of a different outcome, he misapplies *Strickland* and *Lint*. The district court concluded that, after considering all the information provided by Timpson, the filing of a Rule 35 motion would have been futile and would not have been successful, i.e., would not establish that his sentence is excessive. We conclude the same. Nothing in the letter or affidavit speaks to the excessiveness of Timpson's sentence, and the alleged email expresses only "Timpson's desire for programming and new job opportunities" during his current state of incarceration--not that the reasoning behind his sentence is unjust. Because Timpson's evidence does nothing to alter the district court's conclusion that a Rule 35 motion would have been futile, he has not established a prima facie case of ineffective assistance of counsel and the district court did not err in dismissing the claim.

Third, the district court's statement that Timpson's "desire for programming and new job opportunities do not erase the crimes he committed or the reasoning behind the sentence," does

not signal the district court applied an incorrect standard to Timpson's ineffective assistance claim. When viewed in context, the district court's statement was clearly meant as a conclusion that the mitigating evidence Timpson provided did not sufficiently outweigh the evidence and sentencing goals that supported the sentence imposed. In making this statement, the district court did not err by applying an incorrect standard.

## IV.

## CONCLUSION

Although the district court erred in finding Timpson's reply was not properly verified, it did not err in concluding Timpson failed to provide evidence to alter the conclusion that the district court would not have granted a Rule 35 motion, or in commenting that Timpson desired to "erase the crimes he committed or the reasoning behind the sentence." The district court's judgment dismissing Timpson's petition for post-conviction relief is affirmed.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.